**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **CR. NO. 1:19-cr-00033-RDM** |
| | : | |
| **PERRY LEE JENNINGS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits this memorandum in support of its oral motion that

the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A), 18 U.S.C. § 3142

(f)(1)(C), 18 U.S.C. § 3142 (f)(2)(A), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. §(d)(1)(A)(iii)

of the federal bail statute. The government requests that the following points and authorities, as

well as any other facts, arguments and authorities presented at the detention hearing, be considered

in the Court's determination regarding pre-trial detention.

**Introduction**

Perry Jennings is a 32 year old male with a criminal history that includes narcotic and

violent assault offenses. The defendant has been charged in a four-count indictment with one count

of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable

by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), one

count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic

Violence-Protective Order, in violation of Title 18 U.S.C. § 922(g)(8), one count of Using,

Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18

1

U.S.C. § 924(c)(1) and 841(b)(1)(C), and one count of Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).

Mr. Jennings, having been previously convicted of felony offenses, knew that he was not allowed to possess a firearm or ammunition. Further, he had been warned by the court in his Civil Protection Order case, 2018 CPO 002053, on June 19, 2018, that it may be unlawful to possess or purchase a firearm or ammunition. Nevertheless, Jennings still possessed a Glock 21, 45 caliber auto handgun, loaded with 12 rounds of ammunition in the magazine. His possession of the illegal firearm was in conjunction with his possession with intent to distribute Cocaine.

His previous criminal history, recent possession of a firearm in conjunction with distribution level amounts of narcotics, and history of Escape and Prison Breach convictions, support the government's contention that the defendant should be held without bond pending trial to ensure the safety of the community.

### Procedural History and Applicable Authority

At the initial appearance on Monday, February 11, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A), 18 U.S.C. § 3142 (f)(1)(C), 18 U.S.C. § 3142 (f)(2)(A), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. §(d)(1)(A)(iii) of the federal bail statute. The Court set a detention hearing for Thursday, February 14, 2019.

The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   *See* 18 U.S.C. § 3142(g).   A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that (1) there is no condition or combination of conditions that would assure the safety of the community and (2) no information in the defendant's personal background and characteristics that would serve as a basis to rebut the presumption of dangerousness. Therefore, Mr. Jennings should be detained. *See* 18 U.S.C. § 3142(e)(1).

### Nature and Circumstances of the Offenses Charged

On January 22, 2019, members of the Metropolitan Police Department (hereinafter "MPD"), Officers Woods and Thomas, were conducting high visibility patrol in the 400 block of Condon Terrace SE, Washington, D.C. Officers observed a white Mazda sedan bearing Virginia tags idling in front of 450 Condon Terrace SE, Washington DC, with a driver and a passenger in the front passenger seat. Officer Woods observed a gentleman bent down on his knees having an unknown type of interaction with individual in the front passenger seat.

Officer Thomas responded to the driver side, and observed the Defendant, later identified as Perry Jennings, make a dipping motion in front of the driver seat toward the floor board as if he was attempting to conceal an object. When Officer Thomas flashed his light in the direction of the floorboard he immediately saw in plain view the butt of a black handgun. Officer Thomas immediately opened the driver side door, and tactically escorted the driver out of the vehicle. As

3

Defendant Jennings exited the vehicle in a very aggressive and belligerent manner, he was immediately placed in handcuffs.   Recovered under the driver seat was a black Glock 21 with a lazer. The gun was loaded with no rounds in the chamber and 12 rounds in a 13 round magazine.

As Defendant Jennings was getting out of the vehicle, Officer Dean observed Defendant Jennings reaching into his right front jean pocket. Search incident to arrest, an aluminum bag containing 17 yellow small zips and 5 clear small zips filled with a white rock substance and 1 large rock in a white bag equaling to 8 grams was discovered in his right pocket. Additionally, Defendant Jennings also had one clear bag containing 12 clear zips filled a white rock substance and one large rock in a plastic bag equaling to 5 grams (for a total of approximately 13 grams of cocaine with packaging). A portion of the evidence was field tested which revealed a positive color reaction to a cocaine base. Officers also recovered $275 in U.S. Currency from Defendant Jennings front left pants pocket.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Jennings was illegally in possession of several firearms as well as distribution level amounts of narcotics. The nature of this offense and the statutory presumption connected thereto weigh heavily in favor of detention.

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Jennings is quite strong. As set forth above, law enforcement located the gun directly under Mr. Jennings seat, within arm's reach, very close in time after seeing him motioning towards that exact area. Additionally, after he was arrested, Mr.

Jennings made spontaneous statements to officers to the effect of "I don't give a fuck about a dog, Imma beat this case and I'm going to get me another one" and "what you want me to not have a dog so a nigga can dog me?" (effectively admitting to possessing the gun for self-defense). Moreover, the drugs indicated above were found in Mr. Jennings' pockets, as opposed to some other area of the vehicle.

### Mr. Jennings's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. Mr. Jennings is a repeat offender. The nature of the defendant's criminal conduct is serious and certainly has increased in severity as demonstrated by the defendant being involved in another felony offense, which this time includes the unlawful possession of a firearm and distribution level amounts of narcotics.

The defendant has a number of prior convictions for which the penalty exceeded one year, to include: Second Degree Escape (D.C., 12/5/13), Prison Breach (D.C., 2/7/13), Escape (D.C., 8/23/13), Second Degree Assault (Maryland, 8/4/09), and Theft (Maryland, 3/21/05). According to the Pretrial Services Report dated February 11, 2019, Mr. Jennings has 17 prior convictions. Mr. Jennings has now once again been arrested and charged with several very serious federal criminal offenses. Additionally, Mr. Jennings has a pending non-extraditable bench warrant for a resisting Public Officer case from Wake County, North Carolina, issued 7/6/2010, per the Pretrial Services Agency.   Finally, Mr. Jennings was on probation in two D.C. Superior Court cases at time of his arrest. Accordingly, Mr. Jennings should not be released.

**Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense here (given that it is a Controlled Substances offense punishable by a maximum term of imprisonment of more than ten years and therefore meets the criterial of 18 U.S.C. § 3142(f)(1)(C)), carries with it a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where a judicial officer determines that there is probable cause to believe that the person committed the charged offense. 18 U.S.C. § 3142(e)(3) and (e)(3)(A). By itself, an indictment establishes that probable cause and triggers the presumption.  *See*, *e.g., United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("the indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community").

Under the Bail Reform Act, 18 U.S.C. §§ 3142 et seq., "[t]he statutory language, as well as the legislative history, unequivocably establishes that Congress intended to equate traffic in drugs with a danger to the community."  *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985). Its legislative history also "fully supports the conclusion that Congress intended to equate drug trafficking with danger to the community."  *Strong*, 775 F.2d at 507.  As noted by the D.C. Circuit:

> The legislative history indicates that the rebuttable presumption covering serious drug trafficking offenses was included because:
>
> "Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism. Furthermore, the Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative

6

nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and the foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences."

*United States v. Alatishe*, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin. News 1984, p. 3203). Thus, in creating a presumption of pretrial detention for serious drug trafficking offenses, both the legislative history and the statutory language make clear that very "real-world" concerns lie behind the recognition of the inherent, pretrial dangers and flight risks posed by those who commit serious drug trafficking offenses.

The presumption is rebuttable and does not shift the ultimate burden of proof from the government's shoulders. But, it does create a burden of *production* on the defense to submit at least some credible evidence that might purport to overcome it. And even if the defense does submit such evidence, the presumption remains as a factor that may be considered by the Court among others in determining whether the defendant should be detained, and the presumption retains "evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991) ("When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight") (citations omitted); *United States v. Rueben*, 974 F.2d. 580, 586 (5th Cir. 1992) (the mere production of evidence [regarding flight risk for a drug offense] does not completely rebut the presumption . . . . In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society" (citation omitted); *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir. 1991) ("Although the government

retains the burden of persuasion, a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption . . . . Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant. . . . *see also United States v. Jessup*, 757 F.2d 378, 382-83 (1st Cir.1985) (rejecting "bursting bubble" approach)" (internal citation omitted)); *see also United States v. Ali*, 793 F.Supp.2d 386, 388 and 388 n.2 (D.D.C. 2011) ("Even if such contrary evidence or credible proffers are offered, the presumption remains as a factor to be considered by the Court amongst others in determining whether the defendant should be detained").

The defendant's criminal history, and now, possession of a dangerous loaded firearm and large amounts of narcotics, overwhelmingly demonstrate that he is a danger to the community. The firearm that Mr. Jennings possessed has the potential to cause serious bodily injury to or the death of innocent persons in the community. In the end, Mr. Jennings cannot overcome the statutory presumption that in order to protect the community, he should be held without bond pending trial.

///

///

///

///

///

///

///

**Conclusion**

The Court should grant the government's motion to detain Mr. Jennings pending trial

because he has demonstrated that he is a danger to the community and find that he has failed to

rebut the presumption of dangerousness.

Respectfully submitted,


JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:      _____/s/_____
MERVIN A. BOURNE, JR.
D.C. Bar No. 490175
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-6979
E-mail: Mervin.Bourne@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense

counsel Loui Itoh, via the Electronic Case Filing (ECF) system, this 13th day of February, 2019.


_____/s/_____
MERVIN A. BOURNE, JR.
Assistant United States Attorney
